UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENE GERALD BASLER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2254 |
| | § | |
| DEPUTY ERIK LANCE BARRON, *et. al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff Gene Gerald Basler's motion to exclude the testimony of the tendered defense expert Kenneth Brady. Dkt. 38. Having considered the motion, response, reply, and applicable law, the court is of the opinion that Basler's motion to exclude the testimony of defense expert Kenneth Brady should be DENIED.

**I. BACKGROUND**

This case is about Basler's allegations that his civil rights were violated in conjunction with his arrest on June 20, 2014. Dkt. 16. The instant motion relates to whether the court should exclude expert testimony from Kenneth "Craig" Brady, an experienced law enforcement professional. Dkt. 38 (revised motion to exclude); Dkt. 50, Ex. A (Brady's curriculum vitae). Brady's testimony centers on his opinion about whether Deputy Barron's actions during his interactions with Basler were in compliance with Harris County Sheriff's Policies and whether the actions he took were those "that a reasonable peace officer would have taken in that situation." Dkt. 50 at 4, Ex. B. Basler objects to Brady's testimony, arguing that Brady is unqualified as an expert and failed to use a reliable methodology to reach his opinions. Dkt. 38 at 1. Deputy Barron has responded and Basler has replied. Dkts. 50, 53.

## II. LEGAL STANDARD

The Supreme Court of the United States acknowledged in *Daubert v. Merrell Dow Pharmaceuticals* that Federal Rule of Evidence 702 serves as the proper standard for determining the admissibility of expert testimony. 509 U.S. 579, 597–98, 113 S. Ct. 2786 (1993). The party offering expert testimony has the burden to prove by a preponderance of the evidence that the proffered testimony satisfies the admissibility requirements of Federal Rule of Evidence 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the *ipse dixit* of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146, 118 S. Ct. 512 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of his or her opinion must be reliable. *Daubert*, 509 U.S. at 592–93; *Moore*, 151 F.3d at 276. "The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of her opinion is reliable, the underlying methodology must have also been correctly applied to the case's particular facts in order for her testimony to be relevant. *Daubert*, 509 U.S. at 593; *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. *See* Fed. R. Evid. 104(a); *Moore*, 151 F.3d at 276. The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

### III. ANALYSIS

**A.   Qualifications**

Basler argues that Brady's qualifications as an expert are deficient because: (1) Brady lacks recent experience in performing community policing; (2) Brady does not actually train law enforcement officers, but only recommends training; and (3) Brady's most recent experience is managerial in nature, making him an administrative expert rather than an expert in actual practices. Dk. 38 at 6.

Deputy Barron counters that Brady's qualifications establish him as an expert in routine law enforcement activities. Dkt. 50 at 2. Brady has thirty-four years of law enforcement experience, graduated *summa cum laude* with a Bachelor's degree in criminal justice, graduated from the FBI Academy, was awarded a Master Peace Officer Certification, and has completed thousands of hours

3

of continuing education in law enforcement. Dkt. 50, Ex. A  Brady also served for fifteen years as Chief Deputy, the second-in-command at the Fort Bend Sheriff's Office. *Id*. In response to Basler's objection, Deputy Barron offers an affidavit from Brady further describing his experience. Dkt. 50 (Brady Aff.). Brady states he instituted training on lawful arrests in his unit and defined policies and procedures for how peace officers to conduct themselves on patrol. *Id.* Basler claims this affidavit was untimely filed because it should have been offered by the deadline to designate experts. Dkt. 53 at 2. The court observes that the affidavit reinforces information already in the record with details about Brady's duties in law enforcement. Therefore, the affidavit only reinforces—but does not alter—the court's conclusions regarding Brady's qualifications.

Basler's first and third arguments are that Brady does not have any recent experience actually conducting community policing himself and his law enforcement expertise is actually in management and administration. Dkt. 38 at 6. It is true that Brady's five years as a patrol officer occurred at the start of his thirty-four year career in law enforcement before he moved onto criminal investigations, task force work, and managerial functions. Dkt. 50 at 3. Rule 702 requires an expert to be qualified to testify in a particular field, but he or she need not be highly specialized. *Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 882 (5th Cir. 2013). Even if Brady is not as highly specialized as someone who patrolled and performed community policing over decades, Brady managed those who conducted these activities. Dkt. 50, Ex. A. The court concludes that Brady's management experience is sufficient to establish his general qualifications in law enforcement.

To the extent that Brady relies on his less recent experience as a patrol officer in the 1980s for his testimony, the court finds no requirement that more recent experience is required to establish an expert's qualifications in law enforcement. Brady's lack of recent of patrol experience and his

experience as a manager in law enforcement rather than actively performing community policing speak to the credibility and weight of Brady's testimony, not his qualifications.

Basler's third argument against Brady's qualifications is that Brady only advised on the training of law enforcement officers, rather than conducting the training himself. Dkt. 38 at 6. The court does not find that conducting training is required to establish Brady's qualifications as an expert in law enforcement practices, considering his education and years of experience in the field.[1] The court has reviewed Brady's curriculum vitae and finds that Brady is qualified to testify as an expert about law enforcement practices. *See* Dkt. 50, Ex. A.

**B.     Reliability**

Basler also argues that Brady's expert testimony should be excluded because his methodology was unreliable and unsupported for two reasons: (1) Brady did not use an objective basis to reach his opinion; and (2) Brady failed to examine the statute used to arrest Barron. Dkt. 38 at 8.

Basler's first argument is that Brady did not provide a basis for his opinions and the court is being asked to "take Brady's word for it." *Id*. at 9. Basler argues that Brady's methodology is flawed because Brady did not base this methodology on an objective source or practice standard approved by a community of police, but rather on his own experiences in law enforcement. Dkt. 38 at 8. Basler also criticizes Brady for not referencing any legal authorities to define "reasonable officer." *Id.* at 8–9.

---

[1] It is possible this argument is directed toward the use of Brady's testimony in response to Basler's allegations against co-defendant Harris County for municipal liability for failure to train. However, the court has since granted summary judgment in favor of Harris County as to this cause of action. Dkt. 82.

The court, however, disagrees.  Brady's report indicates he reached his opinion by reviewing the relevant Harris County Sheriff's Policies and applying his own experience with the type of training and skills possessed by a peace officer who experiences a distraction within the proximity of a traffic stop.  Dkt 50 at 4, Ex. B.  Then, Brady states, he took his own experience and the relevant policies, and applied it to the facts of this particular case by reviewing the audio/video recording, the plaintiff's complaint, and the incident report.  *Id*.  Under this reasoning, Brady's expert report opines on whether Deputy Barron behaved as a "reasonable officer" in his encounter with Basler and whether he followed the county's policies.  *Id*.

The court's gate-keeping inquiry varies depending on the expert's particular expertise, and the *Daubert* factors are not relevant in every case.  *Kumho Tire Co.*, 526 U.S. at 150.  Brady's testimony, based on his experience in law enforcement, is not the type of testimony that lends itself to requiring an objective basis.  The court finds that Brady's reasoning to reach his opinions is sufficient to satisfy the court's "gatekeeper" function of performing a preliminary assessment to conclude that his reasoning and methodology can be applied to the facts of this case.

Basler's second argument is that Brady's testimony cannot be admissible because Brady's methodology does not include an analysis of elements of the accused offense—interference with the duties of a peace officer under Texas Penal Code § 38.15.  Dkt. 38 at 8.  The court agrees that Brady's expert report does not analyze each element of this offense.  Dkt. 50, Ex. B.  Brady's expert report covers two general subjects:  (1) whether Deputy Barron complied with Harris County Sheriff's Policies and (2) whether Basler's proximity to the traffic stop would interfere with the duties of a "reasonable" peace officer.  Dkt. 50, Ex. B.  Though the reasonableness of Deputy Barron's order for Basler to move away (and Basler's subsequent refusal to move) is a part of

establishing the elements of the alleged offense, Brady did not have to analyze all the legal requirements of the offense to reach his opinion. The court finds that Brady does not need to examine the remaining elements of the offense to reach an opinion about whether an reasonable officer in Deputy Barron's situation would have been concerned about Basler's proximity.

Basler's disputes on which methodology Brady should have applied go to the weight of his testimony not to its admissibility. Basler may address methodology on cross examination. *See Daubert*, 509 U.S. at 595 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). The court finds that Brady's methodology is sufficient to render his opinions reliable.

## IV. Conclusion

In conclusion, the court finds that Deputy Barron has established by a preponderance of evidence that Brady is qualified as a law enforcement expert and the basis of his opinions are formed from reliable reasoning as applied to the facts of this case. Basler's motion to exclude the testimony of Deputy Barron's expert Kenneth Brady is DENIED.

Signed at Houston, Texas on February 16, 2017.

_____
Gray H. Miller
United States District Judge

7