United States District Court
Southern District of Texas
**ENTERED**
August 08, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENE GERALD BASLER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2254 |
| | § | |
| DEPUTY ERIK LANCE BARRON, *et. al.*, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court are (1) plaintiff Gene Basler's objections (Dkt. 116) to defendant Deputy Erik Barron's request to enter a bill of costs (Dkt. 115), and (2) Basler's motion for a new trial, or in the alternative, to alter or amend the final judgment (Dkt. 119). Having considered the bill of costs, motion, objections, responses, related documents in the record, and the applicable law, the court is of the opinion that (1) Basler's objections to the bill of costs (Dkt. 116) should be OVERRULED IN PART and SUSTAINED IN PART, and (2) Basler's motion for a new trial, or in the alternative, to alter or amend the final judgment (Dkt. 119) should be DENIED.

### I. BACKGROUND

This is a case arising from the events that occurred after Basler attempted to film a traffic stop conducted by Deputy Barron on June 20, 2014. Dkt. 16. Deputy Barron asked Basler to move away from the traffic stop and Basler refused. *Id.* Deputy Barron arrested Basler for Interference with Public Duties  Dkt 119 at 5 (citing Tex. Penal Code Ann. § 38.15(a)(1)).

On August 5, 2015, Basler filed a suit against Harris County and Deputy Barron and then amended the complaint twice. Dkt. 16. Basler asserted causes of action against Deputy Barron for excessive force, unreasonable search and seizure, violation of freedom of speech, and malicious

prosecution under 42 U.S.C. § 1983; for seizure and destruction of journalistic work product under 42 U.S.C. § 2000aa (the "Privacy Protection Act"); and for various torts under state law. *Id.* Basler also asserted causes of action against Harris County for negligent supervision, negligent training, and negligent retention. *Id.*

On April 27, 2016, the court dismissed Basler's state law claims against Deputy Barron. Dkt. 24. On February 2, 2017, the court granted summary judgment in favor of Harris County and denied Deputy Barron's and Basler's motions for summary judgment. Dkt. 82. On March 1, 2017, the court reconsidered Deputy Barron's motion to dismiss Basler's freedom of speech cause of action and dismissed that claim. Dkt. 98. On March 8, 2017, the court granted a judgment as a matter of law on Basler's Privacy Protection Act cause of action because the law does not allow for a right action against an employee of a county. Dkt. 102 (citing 42 U.S.C. § 2000aa-6(a)). From March 6 to March 9, 2017, a jury trial was held on Basler's remaining causes of action against Deputy Barron for unreasonable seizure, malicious prosecution, and excessive force. Dkts. 99–103. On March 9, 2017, the jury returned a unanimous verdict in favor of Deputy Barron. Dkt. 107. On April 10, 2016, the court entered final judgment. Dkt. 114.

On April 21, 2016, Deputy Barron filed his bill of costs with the court. Dkt. 115. Basler objected, and Deputy Barron responded. Dkts. 116, 118. On May 8, 2017, Basler filed a motion for a new trial, or in the alternative, for the court to alter or amend the judgment. Dkt. 119. Deputy Barron responded. Dkt. 120.

## II. BILL OF COSTS (DKT. 115)

### A.    Legal Standard

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should

be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377, 133 S.Ct. 1166 (2013). Absent objections, the clerk may tax the costs fourteen days after the prevailing party notifies the clerk of its costs. *Id.* But once an objection is raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent for the convenience of counsel. *See Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). Under 28 U.S.C. § 1920, the judge or clerk of court may tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under [28 U.S.C. § 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [29 U.S.C. § 1828].

**B.     Analysis**

Deputy Barron's original bill of costs sought $15,399.94 for the following: (1) printed or electronically recorded transcripts ($11,447.44), (2) witnesses ($55.00), (3) fees for copies ($3,877.50), and (4) docket fees ($20.00). Dkt. 115, Ex. 1.

In response to Basler's objections, Deputy Barron has conceded that he is not entitled to forensic professional services costs ($3,112.50), computer forensic evidence storage costs ($675.00), or a portion the expert witness's costs ($1,560).[1] Dkt. 118 at 1. Therefore, Basler's objections to

---

[1] Deputy Barron categorized the expert witness expenses as part of the "recorded transcript" expense category and he categorized the forensic professional services and computer forensic evidence storage as part of "copies" expense category. Dkt. 115, Ex. 2.

3

these three costs are SUSTAINED.  Dkt. 116.

The court will consider the remaining objections with respect to Deputy Barron's amended request for $10,052.44 in costs.  Dkt. 118 at 1.  Basler objects to the costs in general based on the court's discretion to deny costs, and he objects to specific line item costs.  Dkt. 116.

**1. General Objections**

First, Basler raises a general objection that the court should exercise its discretion to deny Deputy Barron costs.  Dkt. 116 at 1–3.  "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs . . . [D]enial of costs [is] 'in the nature of a penalty.'" *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).  Here, Basler argues that the court should deny costs based on the factors outlined in the Fifth Circuit's *Pacheco* decision:

> (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.

Dkt. 116 at 2 (quoting *Pacheco*, 488 F.3d at 794).  The Fifth Circuit's explained: "These reasons are enumerated only for the purpose of exposition.  We do not decide whether any of these is a sufficient reason to deny costs." *Pacheco*, 488 F.3d at 794 n.18; *see also Moore v. CITGO Ref. & Chem. Co., L.P.*, 735 F.3d 309, 319 (5th Cir. 2013) (describing the factors as "enumerated illustrative reasons" to deny costs); *Wade v. Peterson*, 416 F. App'x 354, 356 (5th Cir. 2011) ("[I]n this circuit, courts may, but are not required to excuse a losing party from paying costs only if he brought suit in good faith and can demonstrate at least one of the five factors set forth in Pacheco.")

As further justification for denying costs, Basler argues that he brought this action in good faith.  Dkt. 116 at 2.  Basler states that "according to Wright and Miller, courts also deny costs if 'the

losing party prosecuted the action in good faith.'" *Id.* (quoting *Pacheco*, 488 F.3d at 794). Basler does not brief the rest of the Fifth Circuit's analysis on good faith, but the Fifth Circuit continued:

> [E]very case cited by Wright and Miller for this proposition denies costs on the basis of *both* the losing party's good faith and some other one or more of the factors listed above. Every circuit to expressly address the question in a published opinion—the Fourth, Sixth, Seventh, Ninth and Tenth—has ruled that good faith, by itself, cannot defeat the operation of Rule 54(d)(1).

*Pacheco*, 448 F.3d at 794.

Deputy Barron argues that Basler brought this action in bad faith. Dkt. 118 at 6. The court disagrees. Basler's story was not as "incredible" as Deputy Barron argues. *Id.* Basler overcame motions to dismiss and motions for summary judgment in order to bring his case to trial, and his First Amendment claim was dismissed only shortly before trial based on reconsideration in light of a recent Fifth Circuit decision. Dkts. 24, 82, 98. However, bringing a case in good faith, alone, is not sufficient for the court to deny costs to the prevailing party. *Pacheco*, 448 F.3d at 794. Therefore, the court will address Basler's additional arguments on the *Pacheco* factors.

### a. Misconduct by the Prevailing Party

First, Basler argues that Deputy Barron's "misconduct" weighs in favor of denying him costs. Dkt. 116 at 2. Illustratively, the Fifth Circuit has gone beyond the denial of costs and taxed costs against the prevailing party when the prevailing party used "repeated and abusive hardball tactics" and exhibited behavior that was "abusive of the trial process." *Sheets v. Yamaha Motors Corp.*, *U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990) (describing the prevailing party's misconduct such as failure to produce documents during discovery, violating an order to compel, misleading the plaintiff, and other "obfuscatory defense strategies"); *see, e.g., Madere v. Compass Bank*, No. A-10-CV-812 AWA, 2013 WL 1291556, at *2 (W.D. Tex. Mar. 26, 2013) (taxing costs against the prevailing party because it failed to fully comply with discovery requests which necessitated ordering a second trial).

5

The Fifth Circuit also upheld the denial of costs as a form of sanction. *See Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) ("[C]ounsel's improper conduct throughout the trial warranted requiring [the prevailing party] to pay their [own] costs."); *Strain v. Kaufman Cty. Dist. Attorney's Office*, 23 F. Supp. 2d 685, 698 (N.D. Tex. 1998) (stating that the court may not deny costs "absent misconduct worthy of punishment").

Here, Basler argues that Deputy Barron's alleged history of a "hot temper," the allegation that Deputy Barron deleted Basler's iPhone video, and Deputy Barron's testimony at trial is evidence of misconduct worthy of the denial of costs. Dkt. 116 at 2. However, Basler's allegation of Deputy Barron's hot temper refers to events regarding an altercation Deputy Barron had with another deputy during an event that was completely unrelated to the present case. Dkt. 118 at 4. Further, Basler already had his opportunity, at trial, to seek to penalize Deputy Barron for his alleged conduct during Basler's arrest. It would be unreasonable for the court to now penalize Deputy Barron for that same conduct after a verdict was returned in his favor.

The Fifth Circuit precedent on misconduct applies this factor with respect to misconduct in litigation, not the alleged misconduct that formed the basis for the lawsuit. *See, e.g.*, *Salley*, 966 F.2d at 1017; *Sheets*, 891 F.2d at 539. The court finds that Basler's argument regarding Deputy Barron's alleged misconduct is not sufficient to overcome the presumption that costs will be awarded to the prevailing party.

### b. Close and Difficult Legal Issues

Second, Basler argues that establishing probable cause for the crime of "interference with a public servant" presented particularly close and difficult legal issues. Dkt. 116 at 2. The court disagrees. The issue for the jury was a relatively straightforward resolution of fact issues about Basler's position and behavior in the proximity of a traffic stop. Just because the court finds an issue

6

of material fact that necessitates a jury trial does not necessarily mean that the case presents a particularly close or difficult legal issue. *See* Dkt. 118 at 5. The court finds that Basler's argument on this factor is not sufficient to overcome the presumption that costs will be awarded to the prevailing party.

### c. Substantial Benefit Conferred to the Public

Third, Basler argues that it is in the public interest to encourage filming of police encounters with black motorists and that future civilians might be chilled from filming if they risk significant costs when they have to defend their rights in litigation. Dkt. 116 at 3. "The Fifth Circuit has . . . declined to deny costs based on a 'chilling effect' on future civil rights plaintiffs." *Jurach v. Safety Vision, LLC*, No. H-14-044, 2015 WL 893178, at *2 (S.D. Tex. Mar. 1, 2015) (Rosenthal, J.) (citing *Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 374 (5th Cir.1999) ("we find no support for plaintiffs' assertion that the award of costs is an abuse of discretion because it may inhibit future civil rights lawsuits.")). The court, following Fifth Circuit precedent, finds that Basler's argument on this factor is not sufficient to overcome the presumption that costs will be awarded to the prevailing party.

### d. Prevailing Party's Financial Resources

Fourth, Basler argues the Harris County has enormous financial resources to pay its own costs. Dkt. 116 at 3. Deputy Barron argues that Harris County's funding comes from the taxpayer and that it does not have "unlimited" resources. Dkt. 118 at 6. The Fifth Circuit has held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Moore*, 735 F.3d at 320.[2] Thus, the court will not

---

[2] The Fifth Circuit did not comment on the effect of a "combined finding of good faith and limited resources" on reducing costs. *Moore*, 735 F.3d at 320. Here, Basler does not offer any evidence that he has limited resources to pay the costs. *See, e.g.*, *Patterson v. Celadon Trucking Servs., Inc.*, No. SA-09-CV-1-XR, 2010 WL 1424288, at *2

7

consider Basler's argument that costs should be denied because of Harris County's wealth.

Therefore, the court concludes that Basler has not overcome the presumption of an award of costs to the prevailing party. Basler's general objection to Deputy Barron's bill of costs is OVERRULED.

**2. Line Item Objections**

In the alternative, Basler objects to several line item costs. Dkt. 16 at 3–6. As an initial matter, Basler makes two general objections that are applicable to each line item. First, Basler argues that Harris County, a co-defendant, paid the costs and that Deputy Barron is seeking costs either a second time or that Harris County is not entitled to reimbursement from Deputy Barron. Dkt. 116 at 4. Deputy Barron explains that Harris County has a legal duty to represent its employees in suits arising from their official duties. Dkt. 118 at 7 (citing Tex. Loc. Gov't Code Ann. § 158.901). Further, Deputy Barron states that the court "may rest assured that the costs will go directly to Harris County, not Deputy Barron." *Id*. The court agrees with Deputy Barron. "Costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Basler cannot avoid an award of costs simply because the prevailing party's employer provided for his defense. Basler's objection that Deputy Barron is not entitled to costs because they have been incurred by Harris County is OVERRULED.

Second, Basler objects that the line item costs were not necessary for the case. Dkt. 116 at 4 (citing Dkt. 115, Ex. 3 (Herrscher Aff.)). Before the court taxes costs, the prevailing party attaches an affidavit that the amount claimed is correct, the costs were necessarily incurred during the case, and the services giving rise to the costs were actually and necessarily performed. 28 U.S.C.§ 1924.

---

(W.D. Tex. Apr. 7, 2010) ("Moreover, Plaintiff provides no affidavit or evidence to support his claim that he suffers financial hardship. In any case, Patterson did not proceed in this case *in forma pauperis* and even that status would not excuse an assessment of costs.")

That was what was done here. Dkt. 115, Ex. 3 (Herrscher Aff.). Once an objection is raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent for the convenience of counsel. *See Fogleman*, 920 F.2d at 286. The court will consider Basler's line item objections accordingly, with Deputy Barron bearing the burden of verifying the costs were necessarily incurred during the case.

### a. Computer Forensic and Evidence Storage

Basler objects to $90.00 for flash drive duplication as "storage services," which is not an allowed expense. Dkt. 116 at 5. Deputy Barron responds that section 1920 authorizes "costs of making copies of *any materials* . . . ." Dkt. 118 at 8 (citing 28 U.S.C. § 1920(4)); *see also Javeler Marine Servs. LLC v. Cross*, 175 F. Supp. 3d 756, 764 (S.D. Tex. 2016) (Atlas, J.) (*"*[F]orensic images of Defendants' electronic storage devices constituted 'making copies' according to the plain language of § 1920(4)."). Here, Deputy Barron explains, the cost was incurred to copy the video file from Basler's iPhone onto a flash drive. *Id*. The contents of the video on the iPhone and the accusation that Deputy Barron deleted some of the videos was one of the issues raised in this case. *Id*. The court finds that this expense was for the purposes of making a copy and that the copy was necessary for preparation for the trial. Therefore, Basler's objection to the cost for the flash drive duplication is OVERRULED. Dkt. 116 at 5.

### b. Expert Fees

Next, Basler objects to the fees paid to Deputy Barron's expert John Tisdale. Dkt. 116 at 5 (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 437, 107 S. Ct. 2494 (1987)). Deputy Barron agrees that he is not entitled to the expert witness fees. Dkt. 118 at 8–9. But, Deputy Barron argues that he is entitled to general witness fees under section 1821 of $40.00 per day, travel expenses, and a sustenance allowance. *Id*. at 9 (citing 28 U.S.C. § 1821(a)–(d)). Section 1821

9

allows for a $40.00 daily witness fee, time spent going to and from the place of the trial, mileage allowance, and normal travel expenses. 28 U.S.C. § 1821(a)-(d); *Arlington Ctr. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298, 126 S.Ct. 2455 (2006) (holding that "the recovery of witness fees under § 1920 is strictly limited by § 1821, which authorizes travel reimbursement and a $40 per diem"). Tisdale's invoice itemizes $1400.00 in travel expenses (at $100 per hour and 967 miles in travel) and $200.00 for a hotel room. Dkt. 115, Ex. 4 at 9. The court finds that Deputy Barron is entitled to these costs, totaling $1,640. Basler's objection to the expert witness daily fee, travel expenses, and hotel expense is OVERRULED.

### c. Deposition Transcripts

Basler objects to the costs of the deposition transcripts for Dexter Cruickshank ($657.43), Erik Ibarra ($611.77), Gilbert Cruz ($609.70), Paula Cruickshank ($424.59), and Sean Ibarra ($415.05). Dkt. 116 at 5. "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman*, 920 F.2d at 285.

Basler argues that these witnesses were excluded from trial due to their late disclosure and that Deputy Barron could not have "reasonably" expected them to testify. Dkt. 116 at 5. Deputy Barron argues that he believed that these witnesses could be called to testify at trial when he took the depositions. Dkt. 118 at 10. Basler admitted that he disclosed the existence of these witnesses to the defendants in December 2016 as evidence against defendant Harris County. Dkt. 76 at 6. The defendants deposed all five witnesses between January 5 and 10, 2017. Dkt. 76 at 6, Dkt. 115, Ex. 4 at 11–17. On January 25, 2016, the court held an oral hearing and denied Basler's motion to supplement his motion for summary judgment and amend his complaint with the statements from these witnesses. Dkt. 81. However, at the time that the defendants took the depositions of these five

witnesses, they had reason to believe the depositions were necessary for trial preparation. Basler's objection to these deposition expenses is OVERRULED. Dkt. 116 at 5.

### d. Video depositions

Lastly, Basler objects to video deposition costs for Gilbert Cruz ($450) and the Ibarras ($750). Dkt. 116 at 5 (citing *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)). In *Mota*, the Fifth Circuit held that section 1920 has no provision for costs incurred by videotaping depositions. 261 F.3d at 529. However, the statute has been amended and now allows costs for "printed or electronically recorded transcripts." 28 U.S.C. § 1920(2); *see U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) ("[W]e conclude that the cost of taking video depositions may be awarded if shown to be necessary for use in the case."). The court has already held that the defendants had reason to believe the depositions were necessary for use in the case when the depositions were taken. Therefore, Basler's objection to the video deposition costs are OVERRULED. Dkt. 116 at 5.

### III. MOTION FOR A NEW TRIAL OR TO AMEND JUDGMENT (DKT. 119)

Basler argues that he should be granted a new trial or, in the alternative, the court should amend the judgment, because (1) the court committed plain error in the qualified immunity jury instruction, and (2) Deputy Barron did not have probable cause to arrest Basler. Dkt. 119.

### A. Qualified Immunity Jury Instruction

#### 1. Legal Standard

Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). A motion for new trial should be granted only if the verdict is against the great weight of the evidence or will

result in a miscarriage of justice. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838–39 (5th Cir. 2004); *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 n.3 (5th Cir. 1998).

Here, the parties were offered the opportunity to object to the jury instructions and the verdict form, and neither party objected. Dkt. 102. When neither party objects to the jury instructions, the instructions are reviewed for "plain error." Fed. R. Civ. P. 51(d)(2) ( "A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights."); *Rizzo v. Children's World Learning Ctrs., Inc.*, 213 F.3d 209, 213 (5th Cir. 2000) (en banc). "To be plain, 'the legal error must be clear or obvious, rather than subject to reasonable debate.'" *Jimenez v. Wood Cty., Tex.*, 660 F.3d 841, 847 (5th Cir. 2011) (quoting *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009)). "To prevail under the plain error standard, [Basler] must show that (1) an error occurred; (2) the error was plain, which means clear or obvious; (3) the plain error affects substantial rights; and (4) failing to correct the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings." *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1158 (5th Cir. 2006) (citing *Septimus v. Univ. of Hous.*, 399 F.3d 601, 607 (5th Cir. 2005)).

**2. Analysis**

Basler objects to two portions of the jury charge which instructed the jury on qualified immunity as plain error. Dkt. 118 at 8. The first part of the charge that Basler objects to stated:

> If you find that Plaintiff Basler has proved by a preponderance of the evidence that Defendant Barron lacked probable cause to make the arrest on June 20, 2014, then Defendant Barron violated Plaintiff Basler's constitutional right to be free from unreasonable arrest or "seizure" and *you must then consider whether Defendant Barron is entitled to qualified immunity, which is a bar to liability that I will explain later.* If Plaintiff Basler failed to make this showing, then the arrest was constitutional, and your verdict will be for Defendant Barron on the unreasonable-arrest claim.

Dkt. 104 at 8 (emphasis added).³ The second part stated:

> If, after considering the scope of discretion and responsibility generally given to law enforcement officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendant Barron at the time of the arrest, *you find that Plaintiff Basler failed to prove that no reasonable officer could have believed that the arrest and use of force was lawful*, then Defendant Barron is entitled to qualified immunity, and your verdict must be for Defendant Barron on those claims. But if you find that Defendant Barron violated Plaintiff Basler's constitutional rights and that Defendant Barron is not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiff Basler on that claim.

Dkt. 104 at 10 (emphasis added).

First, Basler argues that it was improper for the court to instruct the jury to make a finding of qualified immunity because the objective reasonableness of the officer should be determined by the court as a matter of law. Dkt. 119 at 9 (citing *Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017), *reh'g denied* (Mar. 16, 2017)). To the extent that Basler is concerned about the jury being asked to make any finding of reasonableness, the Fifth Circuit upheld jury instructions that used this same language as correct instructions on the reasonableness standard. *Meadours v. Ermel*, 409 F. App'x 784, 786 (5th Cir. 2011) (explaining that the Fifth Circuit Pattern Instructions address the "objective reasonableness of [the law enforcement officer's] subjective beliefs").

Second, Basler argues that it was inappropriate for the court to allow the jury to address qualified immunity because the summary judgment phase did not raise an issue of material fact regarding qualified immunity. Dkt. 119 at 9. However, the court did address Deputy Barron's defense of qualified immunity at the summary judgment phase and determined that it turned on the issue of material fact regarding whether he had probable cause to arrest Basler. Dkt. 24 at 5–6.

---

³ The same qualified immunity language was also used in the instruction for excessive force claim. Dkt. 104 at 9. Basler objects to the language in both instances. Dkt. 119 at 9.

Finally, a jury instruction that tracks the Fifth Circuit pattern and is a correct statement of the law is unlikely to exhibit clear or obvious error. *Williams v. Honeycutt*, 623 F. App'x 268, 269 (5th Cir. 2015). Here, the jury instructions tracked the Fifth Circuit pattern language on qualified immunity. *Compare* Dkt. 104 at 8, 10, *with* 5th Cir. Pattern Jury Instruction (Civil) §§ 10.1, 10.3. For a plaintiff to defeat a qualified immunity defense, the law requires that he must show that (1) the official violated a constitutional right, and (2) the right was clearly established at the time of the conduct. *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013). Here, the court also included in the jury instructions the second prong of a qualified immunity analysis that "[i]n this case, it was clearly established law at the time that it is unconstitutional to make an arrest without probable cause." Dkt. 104 at 10. When the remainder of the qualified immunity instruction is read in context with this explanation, the jury was only required to make a determination of fact regarding the first prong of whether a constitutional violation occurred. *See* Dkt. 120 at 4. Therefore, the instruction is consistent with the law on qualified immunity.

The court finds that there is no clear or obvious error in the qualified immunity jury instruction.[4] Therefore, Basler's motion for a new trial is DENIED. Dkt. 119 at 3–7.

**B.    Probable Cause**

**1.  Legal Standard**

In the alternative, Basler has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). A party may use a Rule 59(e) motion to "call into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) "serve[s] the narrow

---

[4] Because the court has found there is no error in the qualified immunity jury instruction, let alone a clear and obvious error, the court need not address the other factors of whether Basler's substantial rights were violated or that the fairness, integrity, and public reputation of the judicial proceeding was affected. *Fiber Sys.*, 470 F.3d at 1158.

purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*; *see also S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (explaining that "the standards applicable to Rule 59(e) . . . favor the denial of motions to alter or amend a judgment").

**2. Analysis**

Basler argues that the court should alter or amend the judgment in his favor because Deputy Barron acted without probable cause. Dkt. 119 at 11. Basler argues that he did not have the criminal negligence *mens rea* required for the crime of Interference with Public Duties because: (1) when Basler was positioned across the street, Deputy Barron testified that Basler did not pose a "substantial and unjustifiable risk" and (2) when Deputy Barron approached Basler, Basler still did not pose a risk. *Id.* at 12–17 (citing Dkt. 110 at 55, 76–76, 80). This is essentially the same argument that Basler made in his motion for summary judgment. Dkt. 89 at 8. In denying Basler's motion for summary judgment, the court held that Basler's admission that he intentionally ignored Deputy Barron's order to move away was sufficient to establish that he had the requisite criminal *mens rea*. *Id.* The court will not rehash that analysis for the purposes of a motion for altering the judgment. *Templet*, 473 F.3d at 479.

Next, Basler argues that Deputy Barron's testimony indicates that Basler's only interference with the traffic stop is the verbal criticism he directed at Deputy Barron, which is not sufficient to establish probable cause for the offense of Interference with Public Duties. Dkt. 119 at 17–18 (citing

15

*Freeman v. Gore*, 483 F.3d 404, 414 (5th Cir. 2007)). The court agrees that the *Freeman* holding requires there to be more than "yelling" for interference under this statute. *Freeman*, 483 F.3d at 414; *see, e.g.*, *Childres v. Inglesias*, 848 F.3d 412, 415 (5th Cir. 2017). But, Deputy Barron presented evidence that there was more interference than just verbal criticism. *See* Dkt. 89 at 8. The jury heard testimony from Basler, Deputy Barron, a third party witness, and a police expert regarding Basler's position and behavior relative to the traffic stop and the risk it posed to Deputy Barron. Dkt. 120 at 9. Whether Deputy Barron had probable cause to believe that Basler was interfering with his duties was the central factual issue in the trial. Basler's motion rehashes a legal and factual argument that he already had the opportunity to make before the court and the jury, and he is not entitled to the extraordinary remedy of altering the final judgment. Therefore, Basler's motion to alter or amend the final judgment is DENIED. Dkt. 119 at 11.

## IV. Conclusion

Basler's general objection and his line item objection to the costs because they were incurred by Deputy Barron's employer Harris County are OVERRULED. Dkt. 116. Basler's remaining line item objections are SUSTAINED IN PART AND OVERRULED IN PART as follows:

(1) The objection to $3,112.50 in computer forensic professional services is SUSTAINED IN PART and OVERRULED IN PART. The clerk shall tax costs of $90.00 for flash drive duplication.

(2) The objection to $675.00 in computer forensic evidence storage is SUSTAINED.

(3) The objection to $3,200 in expert witness costs is SUSTAINED IN PART and OVERRULED IN PART. The clerk shall tax costs of $1,640 for the daily witness fee, travel, and hotel expenses.

(4) The objection to $2,718.45 in deposition transcripts is OVERRULED.

(5) The objection to $1,150 for video recording of depositions is OVERRULED.

In total, after resolving all objections, the clerk shall tax costs of $10,052.44 against Basler.

Basler's motion for a new trial or, or in the alternative, to alter or amend the judgment is DENIED.  Dkt. 119.

Signed at Houston, Texas on August 8, 2017.

_____
Gray H. Miller
United States District Judge